UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAGNA POWERTRAIN
DE MEXICO S.A. DE C.V.,

                    Plaintiff,                    Case Number 16-11249

v.                                           Honorable David M. Lawson

MOMENTIVE PERFORMANCE
MATERIALS USA LLC,

                    Defendant.

_____/

### ORDER GRANTING MOTION TO SEAL

Presently before the Court is the defendant's motion to file an exhibit under seal. It is well established that this Court, as every other court, "has supervisory power over its own records and files." *Nixon v. Warner Communications Inc.*, 435 U.S. 589, 598 (1978). Such authority includes fashioning protective orders that limit access to certain court documents. *See* Fed. R. Civ. P. 26(c). However, the district court's power to seal records is subject to the "long-established legal tradition" of open access to court documents. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983). In exercising its discretion to seal judicial records, the Court must balance the public's common law right of access against the interests favoring nondisclosure. *See Nixon*, 435 U.S. at 599, 602 (stating that Court must consider "relevant facts and circumstances of the particular case"); *Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 434 (5th Cir. 1981); *see also Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986) (court has a duty to "balance the factors favoring secrecy against the common law presumption of access"); *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983) ("The historic presumption of access to judicial records must be considered in the balance of competing interests.").

It was observed in *Tinman v. Blue Cross & Blue Shield of Michigan*, 176 F. Supp. 2d 743 (E.D. Mich. 2001), that to have confidential information in a court record kept under seal, the movant must make a specific showing that disclosure of information would result in some sort of serious competitive or financial harm. *Id.* at 745. A showing of substantial personal or financial harm is a prerequisite to an order sealing a file. Here, the defendant alleges that Exhibit 3 to the plaintiff's complaint, attached to the notice of removal, contains trade secret and other confidential information that cannot be adequately protected by any other means. The plaintiff has no objection to the sealing of Exhibit 3. Therefore, the Court finds that the defendant has made a sufficient showing that disclosure of its trade secret and other confidential information would cause serious competitive or financial harm.

Accordingly, it is **ORDERED** that the defendant's motion to file an exhibit under seal [dkt. #2] is **GRANTED**. The Clerk of the Court is directed to file Exhibit 3 to the plaintiff's complaint, which is attached to the notice of removal, **UNDER SEAL**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   April 11, 2016

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 11, 2016.

s/Susan Pinkowski
SUSAN PINKOWSKI